NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF MARTIN T. FORNADLEY, | No.   18-55115 |
| Plaintiff-Appellant, | D.C. No.<br>2:17-cv-04202-GW-SK |
| v. | |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 16, 2019**
Pasadena, California

Before:  LIPEZ,*** WARDLAW, and HURWITZ, Circuit Judges.

The Estate of Martin T. Fornadley appeals the district court's grant of

summary judgment to SafeCo Insurance Company of Illinois in this insurance

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

coverage action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court correctly interpreted the critical policy exclusion—which denied coverage for personal injury claims made by those with "proper temporary custody of the property until appointment and qualification of a legal representative"—based on its "ordinary and popular" meaning. *Ameron Int'l Corp. v. Ins. Co. of Pa.*, 242 P.3d 1020, 1024 (Cal. 2010). The relevant phrase unambiguously includes a person responsible for the property, with the permission of the Estate, in the period before a legal representative is formally appointed.

2. There is no genuine dispute that Larry Benner was responsible for the Estate property at the time of his injury. The Estate's amended complaint alleged that "[a]t the time of his death Fornadley nominated Larry Benner to act as the representative of his Estate," and it is bound by that factual assertion. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Moreover, Benner stated he was "in charge" of the property after Fornadley's death, and that he was asked "to check on the property and lock it up." Benner's lack of authority to collect rent or sell the property did not prevent him from exercising "proper temporary custody."

**AFFIRMED.**[1]

---

[1]    We grant the Estate's motion to supplement the record on appeal. Dkt. 6.